## SIMONSON *vs.* SPENCER and others.

*Debt* is the proper form of action against a stockholder of a joint company, by the charter of which, stockholders are liable in their individual capacities, for the payment of debts contracted by the company, to the nominal amount of stock held by them respectively.

The declaration in such case may be on a general *indebitatus* count, although the debt of the company arose under a *special contract.*

ERROR from the superior court of the city of New-York. Spencer and two others brought an action against Simonson, as a *stockholder* in the *Harlaem Canal Company*, to recover $200, the nominal amount of stock owned by him, as part and parcel of a demand which the plaintiffs had against the company. The plaintiffs declared in *debt*, setting forth that part of the act of incorporation of the company, subjecting the stockholders jointly and *severally* to the payment of the debts of the company, to the nominal amount of the stock held by them, and then alleging that the company was *indebted* to the plaintiffs in the sum of $1207,60, for work and labor, &c.; that on, &c. at, &c. the defendant became a stockholder to the nominal amount of $200, and was such stockholder before and at the time that such work and labor was done and performed; that the demand of the plaintiffs was presented to the proper officers of the company for payment, and payment refused, and that thereupon $200 was demanded of the defendant, which he refused to pay, whereby and by force of the act, &c. an action accrued, &c. The defendant pleaded *nil debet.* The cause was tried and the plaintiffs had a verdict. On the trial, various questions of law were raised by the defendant, which were decided against him; whereupon he sued out a writ of error.

Several of the questions discussed in this case were disposed of by this court in the case of *Spear* v. *Crawford,* 14 *Wendell,* 20, and the only points urged by the plaintiffs in error which will here be noticed, are the following: 1. That the declaration should have been special, and 2. That the action is not maintainable at law.

The cause here was argued by

*W. Kent & S. A. Foote,* for the plaintiff in error.

*J. Anthon,* for the defendants in error.

Upon the above points the following opinion was delivered :

*By the Court,* SAVAGE, Ch. J. It was contended that the declaration should have been special, upon the special contracts, which it was proved existed between the plaintiffs below and the Harlaem Canal Company. I apprehend that was not necessary. It was averred and proved that the company was indebted to the plaintiffs for work and labor upon the canal, and that payment had been refused by the officers of the company. That was sufficient.

As to the remaining question, whether the action was maintainable at law : That an action may be maintained against a stockholder, under the circumstances mentioned in the statute, cannot be denied ; to deny it would be to deny the authority of the statute. The subscription by the stockholder was an assent on his part to assume all the liabilities imposed by the charter. An action will lie in this court, unless there is some insuperable difficulty. It is said that partners cannot sue each other. These parties do not stand in the relation of partners to each other ; and the fact of their being all stockholders cannot present any valid objection to this suit. That a stockholder may enter into a contract with the corporation of which he is a stockholder, will not be denied ; and as they are separate persons in law, an action at law may well be maintained between them. The statute creating the Harlaem Canal Company does not imply that the equities between the parties are to be considered ; and the language is, " and any person having any demand against the said company may sue any stockholder *singly,* or any two or more stockholders *jointly,* and recover in any court having cognizance thereof." There is nothing here implying a liability in the other stockholders to contribution ; there is no difficulty as to proper parties. If, indeed, equities do exist which can only be adjusted in a court of chancery, the defendant might have filed his bill for that purpose ; but there were no such impediments appearing upon the case as presented to us. We

UTICA,
July, 1836.

are therefore bound to say that the plaintiffs are entitled to their action in this court. The case of *Bullard* v. *Bell* 1 *Mason*, 243, contains a full discussion both by the counsel and the court of the principle, whether *debt* is a proper action to be brought in a case like this. Mr. Justice Story says, " Whatever is enjoined by a statute to be done creates a duty on the party, which he is bound to perform. Where, there-fore, a statute declares, that under certain circumstances, a stockholder in a bank shall pay the debt due from the bank, and those circumstances occur, it creates a direct and imme-diate obligation to pay it."

Judgment affirmed.