By the Court, Bronson, J.
The defendant offered to prove that the plaintiffs as well as himself were stockholders in the company at the time the debt was contracted, and the judge rejected the evidence. Can a creditor who is a stockholder recover his debt against the company from another stockholder 1 We are referred to the case of Simonson v. Spencer, (15 Wendell, 548,) to prove that the action may be maintained. The late chief justice seems to have been of that opinion; but I do not find from the statement of the case that the plaintiff in that action wus a stockholder in the company, nor did the reporter understand that any such point was decided. It must, I think, be regarded as an open question. We have considered this and other charters of a similar character as placing the stockholders on the same footing as though they had not been incorporated, and making them answerable as partners for the debts of the company. (Allen v. Sewall, 2 Wendell, 327 ; Moss v. Oakley, 2 Hill, 265.) If the stockholders are to be regarded as partners, or, what is the same thing, as an unincorporated association, it is then quite clear that one member cannot maintain an action against the others for a debt due from the whole. (Milburn v. Codd, 7 Barn, & Cress. 419 ; Holmes v. Higgins, 1 id. 74 ; Cansten v. Burke, 2 Harr, & Gill. 295 ; Collyer on Part. 143 ; Story on Part. 319 ; Smith's Mercant. Law, 16, 17.) In one respect the statute departs from the common law rule in relation to partners, and gives an action against the stockholders severally as well as jointly; but I do *191 not see that this alters the principle. It is still the case of one partner suing another for a debt due from the whole firm. And although it is declared that “ any person” having a demand against the company may sue, (§ 9,) still I think the legislature did not intend to provide for creditors who were members of the corporation. They do not come within the reason and policy of the law, which was made for the protection of third persons dealing with the company, and not for the benefit of the stockholders or copartners. They are left, and should in justice be left to such remedies as had already been provided by law for the adjustment of partnership transactions. They may go into chancery for an account, and have the claims of all parties settled upon equitable principles.
The statute gives the creditor an action against the stockholders jointly as well as severally, and the same construction which would give an action to a stockholder, would authorize him to sue himself, which is absurd. But let us look a little further into the consequences of allowing one stockholder to sue another at law. When the defendant has paid the debt, he will then stand as the creditor of the company, and what is to hinder him from turning round and recovering the same money from the plaintiffs as stockholders 1 The language of the statute is broad enough to include the one case as well as the other, and the equity would be just as strong in favor of allowing the defendant to recall the money after he has paid it, as it is in allowing the plaintiffs to recover against him in the first instance. And thus the parties might alternately sue each other to the end of the chapter. The thing is preposterous.
The only answer to this objection is, that the plaintiffs have sued and recovered against Shepard & Co., the endorsers of the note,and this action is brought for their benefit. But there should not have been a recovery against Shepard & Co. When they were sued by the plaintiffs for a debt of the corporation, they should have answered—u You cannot recover from us a sum of money which we can immediately recall in an action brought against you as stockholders of the company.” That *192 would have been, a good answer, by way of avoiding circuity of action. It looks as though there had been a contrivance between the plaintiffs and the endorsers of the note to get rid of the difficulty which stood in the way when the plaintiffs wished to recover this debt of the company from a fellow stockholder. The plaintiffs were owners of the debt at the time it became due. They sued and recovered against the company, and no subsequent transactions between them and third persons could give a right of action against the defendant which did not before exist. The case must be determined without any reference to the assignment of the judgment, and then the action cannot be maintained.
There is another question which, as it has already been made once or twice before, and may probably arise again, we ought, perhaps, to dispose of. The plaintiffs were allowed to recover the costs of the action against the corporation, as well as the original debt. We think that was wrong. The charter provides, that a person “ having any demand against the said corporation may sue any stockholder, &c. and recover the same with costs.” (§ 9.) Then comes the 10th section, which provides, that “ before suit shall be commenced upon any demand under the preceding section of this act, judgment shall have been obtained against said corporation upon such demand.” The suit against a stockholder is not based upon the judgment, but upon the original demand, and the creditor is to recover “ the same, with costs.” As the creditor is obliged to proceed to judgment against the corporation, he ought in justice to recover the costs of that action as well as his debt; but upon a fair construction of the statute, we think it does not provide for the costs.
New trial granted, (a)

 See Andrews v. Callender, (13 Pick. 484 ;) and Harris v. The First Parish of Dorchester, (23 Pick. 112, 114,115.)