By the Court—Bosworth, Ch. J.
It appears clearly, from evidence which the Judge at the trial held to be competent, that the amount which the plaintiffs may recover in this action, is to be paid by them to Bliss and Abernethy.
Or, to state the fact with more precise accuracy, Abernethy gave his note to the plaintiffs for $12,500, and Bliss for $10,000, which notes have been paid. These notes were given and paid upon an agreement that the “ trustees ” of the Hudson River Stone Dressing Company should not be further proceeded against in the suits brought against them by these plaintiffs, until their suits against the stockholders of said Company were decided, and so much in amount of the sums which Abernethy and Bliss had so paid, should be refunded, as the, plaintiffs should recover in such actions against the stockholders.
*415 These facts make Abernethy and Bliss interested in the event of this action, but not the actual parties in interest, as they have no right to the money which may be collected of. such stockholders, have no right to control the actions against them, and would not be liable to the stockholders for their costs of such actions, if they should succeed in- their defense.
Such facts are not a bar to the present action. The notes, advanced by Abernethy and Bliss, were not advanced or taken as a satisfaction of the suits • against them as trustees, (these suits are still'pending,) nor as a payment - of 'the claim which is the basis of this action, but as collateral security.
The liabilities of the stockholders of the Hudson River Stone Dressing Company, are very different from those of the Rossie Galena Company. The latter are severally and jointly and personally liable for all debts and demands contracted by the Company. (1 Comst., 47.) The former are severally liable to the creditors .of the Company, to an amount equal to the amount of the stock they respectively hold, until the event happens, which, by section 10 of the act of 1848, chapter 40, terminates such liability. (Laws of 1848, p. 56.)
If one stockholder of the Rossie Galena Company could sue another to recover a debt owing by the Company, and collect it, the latter would, it is contended, by such recovery and payment, become a creditor of the Company for the amount of such debt, and as such creditor might sue the plaintiff as such stockholder, and recover, it back, which would be absurd. In other words, such a debt is as absolutely the debt of each stockholder as of either,- and for its whole amount.
tinder the act of 1848, chapter 40, H. A. Chittenden is liable to pay $800 of the plaintiff’s .demand, and no more.
Assuming that Woodruff .& Beach owned stock to. the same amount, the defendant, on paying that sum in satisfaction of the recovery against him, might possibly have as much right as a creditor of the Company ,by reason of such. recovery and payment, to.recover the same sum of them, as one stockholder of the Rossie Galena Company, by reason of a recovery against and payment by himself, would. to recover, a like sum of any other stockholder of such Company; still we do .not- concede that this proposition is tenable.
*416 But if Beach'& Woodruff owned stock to a less amount than $800, the defendant could, at most, recover only a sum equal to the amount of the stock which they held. And if it should he made to appear that Woodruff & Beach had been compelled to pay to other creditors of the Company, in satisfaction of just demands of such creditors against the Company, a sum equal to the amount of their stock, that fact would be a defense to any such action.
The case of stockholders of the Rossie. Galena Company is fundamentally different. They are jointly and severally and absolutely liable to creditors of the Company for all the debts of the Company, and are liable as, and on the ground that, interse, they are partners. That liability cannot be .extinguished, except by actual payment or satisfaction of such debts.
In the present case, each stockholder is liable, as such, to only the amount of his stock. When he has been compelled to pay that sum to any creditor, his liability as mere stockholder is at an end. He cannot recover any portion of such sum from any other stockholder who, before suit brought against him, has been eompelled-topay to creditors the amount of his own stock.
The mere fact, therefore, that one stockholder is suing another to recover, in whole or in part, a debt due from the Company, is not,"yie?’ se, either at law or in equity,.a bar to the action.
In the present case, it was proved that Woodruff & Beach were stockholders when the debt in question was contracted, and continued such down to the trial of this action. But how much stock they held was not attempted to be shown; nor is- it alleged in the defendant’s answer 4hat they were stockholders.
It must, perhaps, be presumed that they severally owned at least one share. I know of no principle on which it can be said that the law presumes they owned more.
The mere fact that they were stockholders, without reference to the amount they held, was relied on as being of itself a sufficient ground for a nonsuit. It was not attempted to be used as the ground of a partial defense, but was relied upon as a flat bar.
Hence, when the plaintiffs rested, the • defendant moved for a nonsuit on that ground. When the testimony was closed, a dismissal of the complaint was asked on the same ground.
*417 The defendant’s position on the present appeal, (point I, sub. 2,) is, that “ the stockholders were not liable as sureties for the Company, but as principals and copartners.”
They are not liable as copartners; neither are they liable as principals to any particular creditor in any such sense, that a compulsory payment to one to the amount of their stock, will not be a perfect defense to a suit subsequently brought by every other.
If, therefore, this suit had been brought by Woodruff & Beach the fact that they were, from the outset, stockholders, would not of itself be a bar to the action. Whether, if it had been shown that they owned stock to an amount equal to, or greater than that held by the defendant, such fact would be a bar, is a question that does not arise in this case.
Simonson v. Spencer et al., (15 Wend., 548,) more closely resembles this case, than any one arising upon the Rossie Galena Company’s act
By the act incorporating The Harlem Canal Company, the stockholders, were jointly and severally liable for the debts of the Company, to the nominal amount of the stock held by them. (Session Laws of 1826, pp. 369 and 371, § 9; 14 Wend., 20.) In Simonson v. Spencer, supra, (15 id., 549,) the Court said, “ these parties do not stand in the relation of partners to each other; and the fact of their being all stockholders cannot present any valid objection to this suit” * * “ The statute creating the Harlpm Canal Company does not imply that the equities" between the parties are to be considered, and the language is, ‘and any person having any demand against the said Company may sue any stockholder singly, or any two or more .stockholders jointly, and recover in any Court having cognizance thereof.’ There is nothing here implying a liability in the other stockholders to contribution; there is no difficulty as to proper parties.” The head note to Bailey & Storm v. Bancker, (3 Hill, 188,) states that "certain dicta" in the case of Simonson v. Spencer, were overruled.
In Bailey v. Bancker, the Court assumed, that Chief Justice Savage, was in error as to the facts of the case of Simonson v. Spencer, when he, substantially, asserted that all the parties were stockholders. No notice is taken by Judge Bronson of the fact, that the two statutes are entirely different. It is in the recollection of one of us, that Simonson v. Spencer was not cited *418 on the argument of Bailey v. Bancker, but a reference to that case was handed to the Court after the argument was concluded. Simonson v. Spencer was not discussed by counsel, nor was the difference between that act and the Rossie Galena Company’s act commented upon.
We think, therefore, that when Chief Justice SAVAGE, in Simonson v. Spencer, (15 Wend., 549,) states: “ These parties do not stand in the relation of partners to each other; and the fact of their being all stockholders cannot present any valid objection to this suit,” we may regard him as asserting as a fact in the case, that all the parties to that action were stockholders. And when the radical difference between the two acts is considered, we may regard whatever disapprobation was expressed of that case in Bailey & Storm v. Bancker, as obiter dicta.
' But the present action is not brought by a stockholder. The present plaintiffs are not liable as stockholders to any creditor of the Hudson River Stone Dressing Company.
The only defense, based on the fact that their assignors of the cause of action sued on were stockholders, is, that such assignors could not maintain an action like the present because they were stockholders, and therefore their assignees, the present plaintiffs, cannot. But we have seen that such fact is not of itself, and alone, a bar to such an action by the plaintiffs’ assignors.
That was the only point made, based on this fact, either on the motion to nonsuit, or to dismiss the complaint.
In any view of the case, the most that the defendants could have claimed, had. this suit been brought by Woodruff & Beach, was, that the recovery should be limited to the excess of the amount of the defendant’s stock over the amount of that held by Woodruff & Beach. But no such position was taken at the trial, nor are facts stated in the answer to which such a rule, .even if sound, could be applied. The position was that Wood-ruff & Beach, while they owned the cause of action in question, could not have maintained a suit against the defendant, and therefore, as it is argued, their assignees cannot.
We have already expressed the conclusion that this position is untenable.
It follows, that a nonsuit was properly denied, as was also the motion to dismiss the complaint.
*419 To the instruction, that the plaintiffs were entitled to recover of the defendant to the amount claimed, (viz., the amount of the stock held by the defendant,) with interest, the defendant also excepted. The jury found a verdict for $898. The defendant held but eight shares of stock, instead of thirty-three shares as stated in the complaint. The $98 was the interest on $800 from the time of suit brought to the time of the trial. The parties agreed upon the amount of the interest.
The instruction to find a verdict for this sum was erroneous, if the recovery should have been reduced on the presumption, that Woodruff & Beach held severally, even one share of the stock, while the cause of action belonged to them.
We think no such deduction should have been made in this action even on that ground, and on that assumption of fact.
At the time of the trial the defendant had no demand against or debt owing to him by the Company. There was, therefore, no liability of Woodruff & Beach as stockholders for any such debt to be set off.
He was not a creditor of the Company, either at law or in equity, by reason of the cause of action in question, and could not become one, except by paying, in whole or in part, the debt in question.
A deduction from the recovery that has been had, of a sum equal to the amount of the stock held by Woodruff & Beach, would not exempt Woodruff & Beach from an action by an actual creditor of the Company to recover of them the amount so deducted.
And we do not accede to the proposition, that under the statute in question, a stockholder who has been compelled, as such, to pay debts owing by the Company to the amount of his stock, can maintain an action at law by reason thereof, against other stockholders, to reclaim the whole or any part of the money so paid.
Whether those who have been compelled to pay can, in equity, coerce a contribution from those who have not been so compelled, in an action to which all the stockholders are parties, is a question that does not arise on the present appeal.
We think none of the defendant’s exceptions are well taken. Evidence was admitted against the plaintiffs’ objection, which may have been incompetent.
*420 But the defendant had the benefit of it, and the plaintiffs are not the appellants.
The judgment in this action, and in that of the same plaintiffs in the four other suits against other defendants, argued at the same time, must be affirmed with costs.
Judgment accordingly.