Andrews *v.* Murray.

[NEW YORK GENERAL TERM, February 4, 1861. *Clerke, Sutherland* and *Ingraham*, Justices.]

---

ANDREWS *vs.* MURRAY and KANE.

One who is a creditor of a manufacturing company, and at the same time a trustee thereof, cannot sue a co-trustee, to recover from him a debt due from the company, under the 12th section of the statute making all the trustees of a company jointly and severally liable for the debts of the corporation, in case of neglect to make and file the report mentioned in the act.

Under such circumstances, one trustee cannot claim a right to contribution from the other trustees, on the ground that he has relieved them from an indebtedness for which all were jointly liable.

The right of contribution only applies where one of the parties liable has paid a claim for which all were liable.

The statute imposes upon each trustee of a manufacturing company the duty of making the report therein mentioned, and for any neglect each is liable. And the policy of the law is to leave each one to the consequences of his own negligence, in order to insure stricter attention on his part.

The rule that whenever the liability arises *ex delicto* there is no contribution among the wrongdoers, applies to such a case.

THE plaintiff and the defendants were trustees of a manufacturing company incorporated pursuant to the laws of this state, and, as such trustees, neglected to make the report of capital, &c. as required by the 12th section of the statute under which they were incorporated. The plaintiff alleged in his complaint that he had paid, for the company, a large sum of money, at their request, and claimed to recover from the defendants a proportionate amount of the indebtedness, on the ground that the statute had made the trustees personally liable for the debts of the company, by

reason of their neglect to make such report, as required by statute.

The defendants demurred to the complaint, as not stating facts sufficient to constitute a cause of action. The court, at special term, made an order overruling the demurrer, with leave to the defendant Murray to answer, on payment of costs. From that order the defendant Murray appealed to the general term.

*W. Fullerton,* for the appellant.

*H.* and *C. S. Andrews,* for the plaintiff.

*By the Court,* INGRAHAM, J. The 12th section of the act of 1848, (*Laws of* 1848, *p.* 57,) makes all of the trustees of a company jointly and severally liable for the debts of the company, in case of neglect to make and file the report mentioned in the act. If the plaintiff had sued one of these defendants alone, without admitting that he was a trustee himself, no question as to the defendant's liability would have arisen on the pleadings. The only question therefore in the case is, whether a person who is a creditor of such a company and at the same time a trustee, may sue a co-trustee to recover from him a debt due from the company of which they are trustees.

This question, as applicable to a stockholder of the corporation instead of a trustee, has been examined and decided in *Bailey* v. *Bancker,* (3 *Hill,* 188 ;) and the reasoning of Judge Bronson as applicable to a stockholder applies with equal force to a trustee. The difficulty in the case, as stated by the court, is that there would be no end to the litigation if the stockholders could sue each other; for whoever paid the debt the last time would have at once a new cause of action against the company and of course against the stockholders. And thus the stockholders might sue each other alternately for the same debt, without end.

While it is therefore to be considered as settled that the action could not be maintained for the whole debt, can the plaintiff claim a right to contribution from the other trustees, upon the ground that he has relieved them from an indebtedness for which they were jointly liable ?

The right of contribution only applies where one of the parties liable has paid a claim for which all were liable. The complaint avers that in 1853, and at various times between April, 1853, and April, 1854, the plaintiff at the request of the company, and in payment and discharge of debts of said company, paid out divers sums of money, and now claims a contribution from the other trustees. The liability of the trustees accrued in January, 1854. It does not appear that for these claims the trustees ever were liable. If they were paid by the plaintiff before January 1854, then there was no debt due by the company for which the trustees would be liable, because they are only liable for the debts of the company then existing, and a claim held by a trustee was not a claim for which such trustee could maintain an action.

I am also of the opinion that this is not a case in which a contribution should be allowed. The trustees are liable for their own negligence. Each one is guilty of the act, without any concert with his fellow trustees. It is not an act of mutual indebtedness or suretiship, voluntarily assumed, in which each one should bear his own amount of loss, but a liability imposed as a penalty for neglect of duty, which cannot be transferred to another.

In actions for joint torts, a joint liability exists, and a recovery may be enforced against any one of the defendants. The party paying such claim has no right to contribution from the other defendants, even although, by the payment, he has relieved them from their liability. (*Miller* v. *Fenton,* 11 *Paige,* 18. *Peck* v. *Ellis,* 2 *John. Ch.* 131.) The principle on which these decisions are made is, that whenever the liability arises *ex delicto,* there is no contribution. Either of the trustees might have avoided this liability by attending to the duty

imposed upon him by the statute. He cannot charge any other trustees with the consequences of his own negligence. The statute imposes the duty on each, the liability attaches to each, and the policy of law is to leave each one to the consequences of his own negligence, so as to insure stricter attention to the provisions of the statute on the part of each of the trustees, which might not be the case if such negligence could be divided between the whole. In *Pearson* v. *Skelton,* (1 *Mees. & Welsb.* 504,) the rule that no contribution is allowed among wrongdoers is applied to liability arising from negligence, when the party knew he was committing an unlawful act or violating law.

The defendants were entitled to judgment on the demurrer. The order appealed from must therefore be reversed, with leave to the plaintiff to amend, on payment of costs.

[New York General Term, February 4, 1861. *Clerke, Sutherland* and *Ingraham,* Justices.]