## WAIT a. FERGUSON.

*New York Common Pleas; Special Term, May*, 1862.

CORPORATION.—STATUTE LIABILITY OF STOCKHOLDERS.—CONSTRUCTION OF STATUTE.—COUNTER-CLAIM.

It is a good defence to an action by a creditor of a corporation, to recover the amount of his debt from a stockholder under a statute provision making stockholders jointly and severally liable in case of a deficiency in the cash capital, that such creditor himself, at the time of acquiring his demand against the corporation, was a stockholder therein.

Under a statute provision that the officer of a corporation making a false certificate shall be liable for all the debts of the corporation contracted while he is an officer or stockholder, such liability extends to debts contracted by the corporation in favor of the officer during that period.

That facts constituting a defence, not a cause of action, are averred in an answer as a set-off or counter-claim, is not a ground of demurrer.

Demurrer to an answer.

This action was brought by William S. Wait against John Ferguson, to recover $12,011.85. The plaintiff had recovered a judgment for this amount in the Madison Circuit Court, a court of general law and equity jurisdiction in the State of Illinois, against the Mississippi and Atlantic Railroad Company, for services as an officer of the company. A writ of *fieri facias* had been issued upon the judgment, and returned unsatisfied. The Mississippi and Atlantic Railroad Company was incorporated under the general railroad act of the State of Illinois, passed November 5, 1849. The act was set forth at length in the complaint in the present action. One of its provisions was as follows: "All the stockholders of any such company that shall be hereafter incorporated under this act shall be severally individually liable to the creditors of such company, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by the company in manner aforesaid shall have been paid in, and a certificate thereof shall have been made and recorded, as prescribed in the following section, and shall be jointly and severally liable for all debts that may be due and owing to all their laborers, servants, and apprentices, for services performed for such corporation, but not be liable to an action therefor before an execution shall be returned unsatisfied, in whole or in part, against the corporation, and then the amount due on said execution shall be the amount recoverable, with costs, against said stockholders."

The complaint further averred that the defendant had subscribed stock to the extent of $12,500, and had not paid any portion of it. The answer, among other defences, contained the following:

"Fourth, and for a further and separate defence in this action, the defendant, upon information and belief, says, that from the time of the alleged organization of the railroad company in the complaint herein mentioned to the time of which the alleged causes of action accrued, and during the whole of the period of the alleged rendering of services by the plaintiff to said company, the plaintiff was, and he still is, a holder of the stock of said company, within the true intent and meaning of the 14th section of the general railroad act of the

State of Illinois, in the complaint in this action partially set forth.

" Fifth, and for a further and separate defence in this action, the defendant says, that in the general railroad law of the State of Illinois, in the complaint herein mentioned, and in part set forth, it is enacted as follows, viz.: '§ 17. If any certificate or report made or public notice given by the officers of any such company, in pursuance of the provisions of this act, shall be false in any material representation, all the officers of the company who shall have signed the same shall be jointly and severally liable for all the debts of the company contracted while they were stockholders or officers thereof.' And upon information and belief, he further says, that the affidavit mentioned and described in paragraph four of said complaint was a certificate made in pursuance of the provisions of said act, and was false in certain of the material representations thereof, to wit, in representing that the sum of $16,000 had been actually paid in, as required by law, when no actual and *bona-fide* payment thereof to the directors named in the articles of association in said complaint mentioned had been made. That said affidavit of certificate was signed by William S. Wait, the plaintiff herein, as one of the directors of said alleged company. And that thereupon the plaintiff became, and he now is, liable for all of the debts of the said company contracted while he was a stockholder or officer thereof, and especially for the alleged debt for the recovery of which this action is brought.

" Sixth, and for a further and separate defence in this action, and for a set-off and counter-claim therein, the defendant, upon information and belief, states that the plaintiff, on or about the 7th day of August, 1850, subscribed for, and ever since has been and now is the holder of, forty shares of the capital stock of the said Mississippi and Atlantic Railroad Company, of the par value of $2,000, and that he has never paid the amount of his said subscription, and is indebted therefor to the said company in the said sum of $2,000."

To these defences the plaintiff demurred.

*John L. Jernegan,* in support of the demurrer.—I. The fourth defence presents the question, whether a stockholder, who is also a creditor, can sustain this action against another stock-

holder. Our complaint sets forth, that by a special act of the Illinois Legislature the Mississippi and Atlantic Railroad Co. was declared a valid corporation. 1. This case is therefore distinguishable from Bailey *a.* Bancker (3 *Hill,* 188). 2. The case of Simonson *a.* Spencer (15 *Wend.,* 548) is an authority expressly in point. 3. The objection that defendant on recovery by plaintiff and satisfaction might turn round and recover back, is answered: Stockholders liable only to the extent of their stock: defendant held $12,500; plaintiff, $2,000: this defence is not a good plea to the whole action, and is bad on demurrer. (Woodruff Iron Works *a.* Chittenden, 4 *Bosw.,* 406.) That plaintiff being a stockholder cannot maintain the action, is untenable. (*Ib.*) To constitute this a defence, there must be a present liability of the plaintiff to the defendant: a future contingent liability is not sufficient. The stockholders are made liable only "for the debts and contracts made by the company." It is difficult to see how this language can be made applicable to debts which did not arise until after its existence was terminated.

II. The fifth defence is based on a statute highly penal, which should not be extended by construction to cases not fairly within its language. (Garrison *a.* Howe, 17 *N. Y.,* 458.) It is simply absurd to say that the plaintiff is liable to pay himself the debt due from the company. The State of Illinois was the party injured by the alleged misrepresentation in the affidavit: it has pardoned it, and annulled its consequences by the statute referred to above. (People *a.* Manhattan Co., 9 *Wend.,* 351.)

III. The counter-claim. This is not a demand existing in favor of a defendant against a plaintiff under Code, § 150; nor is it a demand which the plaintiff was entitled to recover at the commencement of the suit. (Van Valen *a.* Lapham, 5 *Duer,* 689.)

*John Day Ferguson,* opposed.—I. As to the fourth defence, the allegation that plaintiff being a stockholder is not a "creditor" within the intent, &c., in itself constitutes a defence good on demurrer. 1. The law of Illinois is matter of evidence, and hence the allegation is not a conclusion of law. (1 *Greenleaf on Evidence,* 10 ed., § 488; Thompson *a.* Ketcham, 8 *Johns.,*

189.) 2. But allowing that the laws of Illinois and of New York are identical, plaintiff, being a stockholder, is not such a "creditor" as is intended by the law. Stockholders in such companies stand as to each other in the relation of partners. (Allen *a.* Sewall, 2 *Wend.*, 327; Harger *a.* McCullough, 2 *Den.*, 119; Corning *a.* McCullough, 1 *N. Y.*, 47, 60; *Coll. on Part.*, 3 Am. ed., § 1078, and cases cited.) Neither ordinary partners nor members of joint-stock or incorporated companies are liable in such an action to their copartners. (*Coll. on Part.*, §§ 264, 289, 1116, and cases cited; Englis *a.* Furniss, 4 *E. D. Smith*, 587.) Stockholders in companies incorporated under our acts are not so liable. (Bailey *a.* Bancker, 3 *Hill*, 188; adopted in Andrews *a.* Murray, 33 *Barb.*, 354, and frequently quoted; overruling Simonson *a.* Spencer, 15 *Wend.*, 548.) The partnership relation *inter se* is not destroyed by the provisions of the statute making the stockholders *severally* liable to third persons, and limiting the amount of their liability, for they are partners, not by virtue of the statute, but independent of it. (Corning *a.* McCullough, 1 *N. Y.*, 47, 58.) They are jointly interested in the capital and profits of the company. They are mutually liable in an action for a final accounting. (Slee *a.* Bloom, 19 *Johns.*, 456.) 3. Even though it be held that plaintiff is a creditor "within," &c., the answer is good on demurrer. The liability at common law is unlimited; and if plaintiff desire to avail himself of a statutory limitation or exemption, it is for him to set it up, and bring himself within it. (1 *Van Santv. Pl.*, 524; Wies *a.* Fanning, 9 *How. Pr.*, 543.) 4. Plaintiff does not ask an accounting, and his complaint does not state facts sufficient to entitle him to that relief.

II. As to the fifth defence. 1. The facts stated constitute a good defence. The principles and authorities as to partnership liabilities above cited are here fully applicable to the liability of the plaintiff, being unlimited. The plaintiff's liability arises *ex delicto*, in which case there is no right of contribution. (1 *Parsons on Contracts*, 37; Andrews *a.* Murray, 33 *Barb.*, 354.) 2. The defence intended to be made is sufficiently stated.

III. As to demurrer to sixth defence. 1. The matter alleged constitutes a good defence to the action. 2. It is sufficiently stated, and is not invalidated by being called a counter-claim as well as a defence. The pleading will be liberally, and not

technically construed. *(Code*, § 159.) The plaintiff is in no way damaged or delayed thereby. Matter stated as a counterclaim has been allowed to stand as a defence. (Davis *a.* Acker, 11 *How. Pr.*, 163; Wolf *a.* E. H., 13 *Ib.*, 85.)

HILTON, J.—The fourth defence is, in substance, that from the time of the organization of the railroad company referred to in the complaint, under the general railroad law of the State of Illinois, the plaintiff was, and still is, a stockholder and member thereof, and therefore not a creditor within the meaning and intent of the 14th section of that law, which declares that all such stockholders shall be severally individually liable to the creditors of such company, to an amount equal to the amount of stock held by them respectively for all debts and contracts made by such company, until the whole amount of the capital stock shall have been paid in, and a certificate thereof shall have been made, filed, and recorded, as therein prescribed.

Every combination of persons for the purpose of carrying on business of any kind for mutual profit may be denominated a partnership, and each member thereof is jointly and severally liable for all obligations which may be incurred in the prosecution of the business thus entered upon. Thus, an incorporated company is a species of partnership, but its shareholders are not liable in their individual capacity, unless it is so expressly declared in the act of incorporation; this exemption being one of the principal objects for which the incorporation is procured, and, it should be assumed, is only granted in those cases where the undertaking is of an important nature, embracing public as well as private interests and benefits.

In the present case, it seems the Legislature of the State of Illinois, by their general railroad law, did not intend to exempt companies from this individual liability incident to all partnerships, until all the capital stock had been paid in, and a certificate to that effect had been filed and recorded; but when it was filed, and the entire capital had become devoted to the objects specified in the articles of association, then the company thus formed became a full-fledged corporation, possessed of all the immunities and privileges incident to such statutory creations.

Here it appears the company never arrived at this state of

perfection, the capital stock never having been paid in, and hence the stockholders never acquired this exemption from personal liability incident to the perfect corporate existence contemplated by the general statute under which the company was organized. They should, therefore, in my opinion, be regarded as *quasi* partners—at least as between themselves—and subject, upon prosecuting each other, to all the provisions of law attaching to that relation; one of those rules being that one member of a partnership cannot maintain an action against his copartners for a debt due from all. (*Story on Part.*, §§ 220, 221.) And, although in one aspect this statute differs from the common-law rule respecting partners, in giving an action against stockholders severally, yet, as was said by Judge Bronson, in Bailey *a.* Bancker (3 *Hill*, 188), I do not perceive that this alters the principle. It is still the case of one partner suing another for a debt due from the whole partnership. (Moss *a.* Oakley, 2 *Hill*, 265; Allen *a.* Sewall, 2 *Wend.*, 327; *Story on Part.*, §§ 76, 77; Andrews *a.* Murray, 33 *Barb.*, 354; *Collyer on Part.*, §§ 10, 81, 3 Am. ed.; Harger *a.* McCullough, 2 *Den.*, 119; Pierce *a.* Kearney, 5 *Hill*, 82; Marquand *a.* Webb, 16 *Johns*, 89.) The case of Woodruff & Beach Iron Works *a.* Chittenden (4 *Bosw.*, 406) proceeds upon the authority of Simonson *a.* Spencer (15 *Wend.*, 548), which I regard as virtually overruled, certainly widely departed from, in Bailey *a.* Bancker and Moss *a.* Oakley, *supra*. (See, also, Mann *a.* Pentz, 3 *N. Y.*, 415; Englis *a.* Furniss, 4 *E. D. Smith*, 587, 599; Andrews *a.* Callendar, 13 *Pick.*, 484.)

For these reasons, I think the fourth defence set up in the answer a valid one, and the demurrer to it should be overruled.

The fifth defence pleaded by the answer, and which is likewise demurred to, is in substance, that by the same General Railroad Law of the State of Illinois it is declared that every officer of a railroad company who signs a certificate, report, or public notice given in pursuance of the provisions of that act, which contains any material false representation, shall be liable for all the debts of the company contracted while he is a stockholder or officer thereof. The defendant then alleges that the plaintiff, being one of the directors of such company, made and swore to an affidavit or certificate which was attached to the articles of association required by the general law, to be made

and verified at the time of the formation of any company under it, wherein it was falsely stated that $16,000 had been actually paid in, being ten per cent. upon the capital of the proposed company. That at the time of making such affidavit no actual and *bona-fide* payment had been made to the directors mentioned in the articles, and therefore the plaintiff becomes liable for all the debts contracted while he was a stockholder, and especially for the indebtedness sued upon in this action.

It cannot, I think, be denied that this affidavit was made in pursuance of the requirements of the general law, and that it contained a material false representation. It was in effect a false certificate as to a fact which was required to be established by oath as a condition precedent to the persons signing the articles of association becoming in any sense a corporation, and as a punishment for this false representation, the law imposed upon the officer in making it, a liability for all the debts of the company contracted while he was a stockholder or officer, and which would include the claim or indebtedness in suit.

I admit that this is a highly penal provision, and should not be extended by construction to any cases not fairly within its language. (Garrison *a.* Howe, 17 *N. Y.*, 458.) Yet I think this case is clearly one within its plain intent and import. It is not material to whom the debt shall become owing; it is sufficient if the company contracts it while the officer making the false representation continues to be a stockholder or officer. For all such debts he is liable. To hold that this penal provision had no application to debts contracted by the company with the officer who should thus violate the law, would certainly be an extraordinary interpretation of plain and positive language, and would be in effect awarding a premium for criminality.

Assuming, then, that the plaintiff has in this manner become liable for the payment of this debt, in whosoever hands it may be, it would follow that permitting a recovery by the plaintiff would subrogate the defendant to his rights as a creditor, and thus we would have them suing each other indefinitely for the same debt. (See Bailey *a.* Bancker, and Andrews *a.* Murray, *supra.*) There is nothing in the law which would sanction a recovery leading to a litigation so endless and fruitless.

The demurrer to the fifth defence is not, in my judgment, well taken, for the reasons stated.

The remaining demurrer is to the sixth defence, which is interposed as such, and also " as a set-off or counter-claim." It alleges that the plaintiff, at the time this debt was contracted, was, and still is, the owner of forty shares of the capital stock of the company, of the par value of $2,000, and for which he subscribed ; that no part of such subscription had been paid by him, and that he was, and still is, indebted therefor to the company.

Assuming the views I have already expressed are correct, it follows that some of the facts stated in this defence are proper to be interposed in bar of any recovery in an action of this nature between two stockholders or *quasi* partners. There is, however, a technical objection to the entire defence being stated as a counter-claim or set-off, but it may be amended in that respect. (*Code*, § 150.) It is not a demand existing in favor of the defendant against the plaintiff for which a recovery can be had, but the defence, as stated, contains matter in bar of the plaintiff's right of action, although it might be more properly pleaded in connection with the averments contained in the fourth defence. It may be that the fact respecting the non-payment of this subscription is immaterial, and that the only substantive fact is the statement as to the number of shares which the plaintiff holds. But the demurrer being to the whole of the defence set up, I cannot say that it is altogether bad. If the plaintiff desires to strike out any part of it as immaterial or irrelevant, his remedy is by motion for that purpose.

Judgment for the defendant on the demurrers, with costs.