### Richardson *vs.* Abendroth and others.

The secretary of a manufacturing corporation, in performing the services incident to the duties of his office, is a *servant* of the company, within the meaning and intent of the 18th section of the act of February 17, 1848, authorizing the formation of such corporations.

An action will not lie by one stockholder, against fellow stockholders, of a corporation, to enforce a personal liability for a debt of the company.

Though others may have a lien upon, or equitably own, stock in a corporation, the legal title is in, and the legal liability for debts of the corporation upon, him in whose name the stock is registered.

Richardson *v.* Abendroth.

Where stock was hypothecated, by the owner, and afterwards assigned to trustees for the benefit of creditors, neither the pledgee nor the assignee taking a transfer upon the books of the company, or causing themselves to be registered as stockholders; *held* that the title still remained in the original holder; and that he could not sue his fellow stockholders, to enforce a personal liability for a debt claimed to be due him from the corporation. SUTHERLAND, J. dissented.

THIS action was brought against the defendants as stock-. holders of the "Warner Foundry Machine Company," (a manufacturing corporation formed pursuant to the act of 1848,) upon a judgment recovered by the plaintiff against the company for his services as secretary, his claim against the defendants being founded upon the 18th section of said act, by which stockholders of such corporations are made individually liable for debts due to their "laborers, servants and apprentices, for services performed for such corporation." (*Laws of* 1848, *ch.* 40, *p.* 58.)

Two defenses were set up by the answer: First, that the plaintiff was an officer and not a servant of the company; second, that the plaintiff was a stockholder of the company during the time that his alleged services were rendered, and therefore was equally liable with the defendants for the payment of all debts for which stockholders are rendered liable by the act of 1848. The cause was tried before the court without a jury and the plaintiff nonsuited, on the ground that as such secretary he was not a servant of the corporation. On appeal to the general term a new trial was granted, and the action was again tried, March 3, 1863, at the circuit, before his honor Judge Allen, without a jury, on which trial the following facts were admitted or agreed upon: That the defendants were stockholders of said company, and that the plaintiff held in his own name twenty-five shares, and as one of the firm of E. Richardson & Co. sixty-five shares, of the capital stock of said company, and so it appeared upon the books thereof; that the plaintiff had assigned his individual stock and united in an assignment of the partnership stock as collateral security for the payment of debts; and that

afterwards the firm made a general assignment of all their property, including their said stock, in trust for the benefit of creditors; but that said stock had never been transferred upon the books, but still appears thereon to be a part the property of the plaintiff and a part thereof the property of E. Richardson & Co., of which firm the plaintiff was a member. The defendants' counsel also read in evidence the following extract from the printed copy of the by-laws of said company:

"Sec. 5. The stock of the company shall be transferred only on the books of the company, by the holder, in person, or by power of attorney, which may be in the following form." (Then follows the form of a power of attorney.)

The judge found the following conclusions of law: That the plaintiff, as such secretary, in performing the services for the value of which this judgment was rendered, was a servant of said company, within the meaning and intent of the act authorizing the formation of such corporations. That the plaintiff, having never transferred his stock upon the books of said company, was still a stockholder thereof, and was equally liable with the defendants, for the payment of all debts for which stockholders of said company are liable, and therefore for the payment of the amount due on said judgment for his services. That one stockholder can not sue another to recover a debt, for the payment of which both are liable. The judge accordingly rendered judgment for the defendants, dismissing the complaint with costs. The following opinion was delivered, on rendering such judgment.

ALLEN, J. "I am concluded by the judgment of the general term, granting a new trial, upon the question there considered. The law of the case is, that the secretary of a manufacturing company, incorporated under the law of 1848, (ch. 40,) is a servant, within the 18th section of the act, for whose services the stockholders were jointly and severally liable. It is true that it now appears that the plaintiff, while

serving the company as secretary, was also a trustee of the corporation, which fact did not appear upon the former trial. But the character of the service was not altered by that fact; nor the character of the debt contracted for it, changed. It would look very like an attempt to evade the decision, to give a judgment upon the distinction suggested against the plaintiff.

But upon another ground, I think judgment should be given for the defendants. An action will not lie by one stockholder against a fellow stockholder of a corporation, to enforce a personal liability for a debt of the company. To the extent of the personal liability created by the statute, the corporators are partners, and one partner can not sue a copartner for a debt due from all. (*Bailey* v. *Bancker*, 3 *Hill*, 188. *Andrews* v. *Murray*, 33 *Barb.* 354.) The plaintiff was, at the time of the contracting of the debt, a stockholder of the company, liable for this class of its debts; liable to the creditors of the corporation, and liable to contribute to the other stockholders. His liability was absolute, and whether called upon by a stranger, a creditor, upon the original liability, or by his fellow stockholders, to contribute, can make no defense.

*First.* He was a stockholder, because he was registered as a stockholder, and the statutory liability, no matter who asserts it, is upon him in whose name the stock is registered. Others may have a lien upon, or equitably own the stock, but the legal title is in, and the legal liability upon him who stands upon the books as stockholder. A pledgee, or other transferee of stock, may not be willing to assume the legal responsibility resulting from ownership, and may prefer to run the risk of losing his rights by the acts of the pledgor or assignor. But, without considering the means which may operate to prevent a transfer of the stock upon the books, it is sufficient that the courts of this state have, in well considered cases, authoritatively settled the question. (*Adderly* v. *Storm*, 6 *Hill*, 624. *Worrall* v. *Judson*, 5 *Barb.* 210.

*Rosevelt* v. *Brown*, 1 *Kern.* 148. *Re. Empire City Bank*, 18 *N. Y. Rep.* 199.)

*Second.* The stock was never absolutely transferred by the plaintiff, so as to create a liability on the part of the transferee for the debts of the company. It was first hypothecated, and afterwards, as it is claimed, assigned to trustees, for the benefit of creditors, neither assignee taking a transfer upon the books of the company, or causing themselves to be registered as stockholders. The transferees never became liable for the debts of the company. (*Laws of* 1848, *p.* 58, § 16.) If the plaintiff is exempt, therefore, there is no personal liability, as it respects this stock, which would be unjust to creditors and other stockholders of the company, and a fraud upon the law.

Judgment must be for the defendants."

The plaintiff appealed to the general term.

*A. Spaulding*, for the appellant.

*A. Wright, jun.* for the respondents.

Geo. G. Barnard, J. I think this judgment should be affirmed. None of the transfers have the effect of relieving the plaintiff from his liability upon the demand in suit. Consequently, the cases of *Bailey et al.* v. *Bancker*, (3 *Hill*, 188,) and *Andrews* v. *Murray*, (33 *Barb.* 354,) are direct authorities against a recovery by the plaintiff, in this action.

Leonard, J. concurred in affirming the judgment, on the ground that no new party had become liable on the stock of the plaintiff, in respect of the plaintiff's demand.

Sutherland, J. dissenting. My high respect for the judicial discrimination and learning of the judge who tried this case, at the circuit, has induced me to give the case a very

careful examination, before coming to the conclusion, that the complaint should not have been dismissed on either of the grounds stated in the opinion of the learned judge; but after such examination I can not avoid the conclusion that the complaint was inadvertently dismissed on either of such grounds.

It may be conceded, that *Bailey* v. *Bancker*, (3 *Hill*, 188,) and *Andrews* v. *Murray*, (33 *Barb*. 354,) establish the rule stated by the judge, that "an action will not lie by one stockholder against a fellow stockholder, to enforce a personal liability for a debt of the company;" and it may be also conceded that *Adderly* v. *Storm*, (6 *Hill*, 624,) *In Re. Empire City Bank*, (18 *N. Y. Rep.* 199,) and the other cases cited by the judge, settle or establish the other rule or principle stated by him, that the *statutory liability* of a stockholder rests upon or attaches to the *registered* owner of the stock, no matter who has the equitable interest or ownership; but does it follow, though the plaintiff, long before this action was commenced, had, by assignments, transferred all his stock, so that, at least as between him and the assignees, he had no stock when the action was commenced, that he could not maintain this action, *because* the stock which he had so assigned *had not been transferred on the books of the company?* In other words, if it be conceded that the *statutory liability* remained upon or attached to the plaintiff, as the *registered owner* of the stock, when the action was commenced, does it follow that his complaint was properly dismissed *because he was a stockholder*, though it appeared, and was conceded, that long before the action was commenced he had transferred all his stock, so that, as between him and his transferees, the equitable title and ownership of the stock was in them, and not in him, when the action was commenced, and at the time of the trial? I think not.

It may be, that as between the plaintiff and the corporation, the assignments did not transfer or pass his stock, so as to affect any lien of the corporation on the stock, for a lia-

The People *v.* Matthews.

bility to the corporation. (*See Sec. 5 of By-Laws, and Leggett* v. *Bank of Sing Sing,* 24 *N. Y. Rep.* 283.) And, as I have said, it may be conceded that, as between the plaintiff and a creditor of the corporation, the plaintiff, notwithstanding the assignments, remained liable as a stockholder, because his stock had not been transferred on the books of the company. But considering that the plaintiff *brings this action to enforce a statutory liability,* I think the assignments protected him from the application of the technical rule or principle that one stockholder can not sue another stockholder of the same corporation. There is really no reason for applying this rule in the plaintiff's case.

I think, notwithstanding the by-law, that the case shows that the plaintiff had transferred all his stock, so as to render it unreasonable to apply, in his case, the rules or principles of law upon which his complaint was dismissed.

I think there should be a new trial, with costs to abide the event of the action.

Judgment affirmed.

[NEW YORK GENERAL TERM, November 7, 1864. *Leonard, Geo. G. Barnard* and *Sutherland,* Justices.]