By the Court.—Monell, J.
It appears to be quite well settled, that one stockholder in a corporation, created under the general incorporating act of this State, cannot, at law, enforce the liability of another stockholder of the same corporation, under any of the provisions of the act (Bailey v. Bancker, 3 Hill, 188 ; Richardson v. Abendroth, 43 Barb. 162 ; Beers v. Waterbury, 8 Bosw. 396). It seems, that such liability can be reached only in equity, by an action against all the stockholders for contribution.
The first objection taken upon the motion to dismiss tne complaint is, therefore, fatal to a recovery against the defendant as a stockholder. But he is also sought to be made liable as a trustee, by reason of the default of the company to file an annual report pursuant to *236 section 12 of the act (Laws of 1848, p. 54) which provides that for such omission, the trustees shall be jointly and severally liable, for all the debts of the company then existing, and such as shall be contracted before such report shall be made.
The company never, at any time, made or filed a report, and if the defendant was a trustee at any time when the company made default, he became liable for the debts of the company existing at the time of such default, and for such as were afterwards contracted.
The incorporating act provides (§ 3) that, except for the first year, the trustees shall be annually elected, at such time as shall be directed by the by-laws of the company; and there is a further provision (§ 4) that if an election be not made, “all acts of trustees shall be valid and binding as against the company, until their successors shall be elected.”
The defendant was named as a trustee for the first year, which expired November 21, 1865, It does not appear that there was either an election or a failure to elect after that. The by-laws, if there were any, are not before us.
It was the duty of the company, I think, to make and file a report, as required by section 12 of the act, within the first twenty days of January, 1865. The language of that section is, that the company shall annually, within twenty days from the first day of January, make a report. The meaning of which is, that every company shall, in each year, within the first twenty days of every January, after the company is formed, make a report; and the prescribed period has no reference to the time the company comes into existence.
For the omission of the company to make its report in January, 1865, the defendant, as a trustee, at that time in office, became liable for the debts of the com *237 pany then existing, and such as might thereafter be contracted so long he remained a trustee.
The plaintiff’s debt was not contracted until May, 1865, and, I think, for any part of it which fell due previous to November 21, of that year, if it was unpaid, the defendant would be liable. It was, to that extent, a debt contracted after the company’s default, and while the defendant was a trustee.
No report of the company was filed in January, 1866. For that default the defendant would be liable, if he continued a trustee, as well for the existing as the afterwards contracted debts.
The official term of a trustee, of a manufacturing or mining corporation, is one year, and, except for the provision in section 4 of the act, he became functus officio, after that time. There is no common law right of holding over (People v. Tieman, 8 Abb. Pr. 359). That section impliedly continues trustees in office after the expiration of their terms and until their successors are elected, so far, at least, as to render their acts valid and binding, as against the company. And it may, therefore, be regarded as a continuance in office so as to render the incumbent liable as trustee, if, after the expiration of his term, Tie continues to act.
I am not prepared to go to the extent, that, upon >a failure to elect a successor, a trustee, who merely has the right to hold over, but who does not act, can be charged as a trustee, for any default of the cbmpany. Being elected for a year, if at the éxpiration of that time, he retires from the company, performs thereafter no official act, and assumes no official authority, I do not think he can be held under any of the provisions of the incorporating act. If, however, he continues to act in his official capacity, after his term of office has expired, the law will regard him as a trustee for all purposes of liability under the act. Having the right *238 to act., if he assumes and continues to act, he will be held to a faithful discharge of all the duties of his office, and will be responsible for any failure to perform them.
There was evidence that the defendant was present and took part at the meeting when the notes -were given. It does not appear what he did, or whether he was acting as a trustee. There was no proof that at any previous time he had done any official act.
This evidence does not seem to me sufficient to charge the defendant as trustee. It does not prove any official act, and it would not have been error if, on that ground, the motion for a nonsuit had prevailed.
But the defendant had a right to have the jury instructed as he requested, that if there was no evidence that the defendant was acting as trustee, the plaintiff could not recover. That was equivalent to asking to have the question of the sufficiency of the proof, passed upon by the jury, and the request should have been granted.
The liability of a trustee under the statute, is in the nature of a penalty (Bird v. Hayden, 1 Robt. 383), to the extent of the existing debts of the company. Whenever, therefore, the trustees become liable, by reason of the failure of the' company to comply with the statute, it is for such debts of the company as then exist. And it is immaterial whether such debts exist in simple contract, or that»the contract has been merged in a judgment. It is, nevertheless, an existing debt for which the trustees are liable.
The view taken in this case renders it unnecessary to examine any of the other questions presented by the defendant’s exceptions.
The burden in this case rests on the plaintiff. Proof of once a trustee is not- sufficient. Any default of the company happening after the expiration of the term of office of a trustee, cannot be charged upon him, except *239 by proof of Ms continuance in office by Ms afterwards assuming to act and acting as a trustee.
The judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.