# , THE COLORADO LAW REPORTER.

Vol. I.]          Denver, March, 1881.          [No. 7

## SMITH & DOLL *v.* WOLFE LONDONER.

*(Supreme Court Colorado, December Term, 1880.   Error to Arapahoe District Court.)*

Corporation — Creditor can Sue Stockholder at Law. Under statute providing that all stockholders of corporations shall be individually liable to the creditors of the company, to the amount of unpaid stock held by them, (Rev. Stat. Col., Chap. 18, Sec. 12,) a creditor may maintain an action at law against an individual stockholder, and recover to the amount of unpaid stock held by him.

That the Creditor is also a Stockholder does not Change the Case. That the creditor who sues is also a stockholder in the company, does not, under the statute, make any difference, provided he has paid in full for the stock held by him, and consequently, is not individually liable for the debts of the company.

Beck, J.   Two principle questions are presented by this record: First, can one of the creditors of a corporation organized under Chapter 18, R. S., maintain an action at law for the recovery of his individual claim against a stockholder who is indebted for his stock? Second, can a stockholder who is a creditor of such corporation, but who has paid in full for the stock subscribed by him, maintain such action?

Section twelve of the act provides as follows:

"All the stockholders of every company incorporated under the provisions of this article, shall be severally individually liable to the creditors of the company in which they are stockholders, to the amount of unpaid stock held by them respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited shall be paid in, and a certificate thereof shall have been made and recorded as prescribed

37

in the following sections, and the capital stock so fixed and limited shall all be paid in, one-half thereof within one year, and the other half thereof within five years from the incorporation, or said corporation shall be dissolved."

Upon the first question, cases are cited for defendant in error, which hold that the action must be an equitable proceeding on behalf of all creditors, and that the corporation must be made a party thereto, and if so required by a defendant stockholder, all the individual stockholders must likewise be joined as co-defendants. In respect to these authorities, it may be remarked that they are based upon statutory provisions dissimilar to our own.

Section twelve of our statute is substantially the same so far as this question is concerned, as the *ninth section* of the act of February 18, 1857, of the state of Illinois. The provisions of that section are as follows: "All the stockholders of every such company shall be severally individually liable to the creditors of the company, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company prior to the time when the whole amount of its capital stock shall have been paid in, and a certificate thereof made and filed as hereinafter required."

Under this act a stockholder is made liable to the extent of the stock held by him; whereas, our act restricts his individual liability to the amount of *unpaid* stock held by him.

The Illinois statute was carefully considered and construed in the case of *Culver* v. *Third National Bank of Chicago*, 64 Ills., 528, in which it was held that an action at law may be maintained by a single creditor against a single stockholder, and that the corporation is not a necessary party; that each stockholder is primarily liable to the creditors of the company, to the extent of his stock.

To the same effect is the case of *Butler* v. *Walker*, 80 Ills., 345. This was an action at law by the holder of a policy of insurance against a stockholder of the company, to recover for a loss sustained by fire.

The provisions of the charter, together with those of a subsequent act of the legislature, which was held to operate as an amendment of previous charters, imposed similar liabilities upon the stockholders of insurance companies, as did the act of 1857

upon the stockholders of companies formed for manufacturing, mining, mechanical or chemical purposes. A demurrer was sustained to the declaration below, but the Supreme Court held that the stockholder was liable in that form of action at the suit of a creditor, to the amount of his stock in the company.

We regard these cases as conclusive of the first question. Our territorial statute will bear the same construction.

The next inquiry is more difficult: Can a stockholder who is a creditor, but who has paid in full for his stock, maintain such action? No adjudication applicable to the provisions of our statute has been cited on this point.

In the case of *Bailey* v. *Bancker*, 3 Hill, 188, it was held that the remedy to proceed against individual members of the corporation named was designed only for the benefit of outside creditors. This ruling was based upon a construction of the following provision in the charter, viz.: "The stockholders of the said corporation shall be jointly and severally liable for the payment of all debts or demands contracted by the said corporation." The court held that the charter placed the stockholders on the same footing, in respect to the liabilities of the corporation, as if they had not been incorporated, and that it made them answerable as partners. It was further held, that to extend the above provision to a stockholder who had a demand against the corporation, would involve the following absurd consequences: First—The stockholders being *jointly* liable for all demands, such a construction would authorize a stockholder to sue himself. Secondly—If he proceeded, under the several liability clause, to obtain satisfaction of his claim from another stockholder, the latter, in turn, would become a creditor of the corporation, and would have the same right to sue for and collect his demand from some other stockholder, and so on, to the end of the list.

To the same effect are the cases of *Andrews* v. *Murray*, 33 Barb., 354, and *Richardson* v. *Abendroth*, 43 *ib.*, 162.

The same principles were recognized in *Thayer* v. *Union Tool Co.*, 4 Grey, 75. Stockholders, under the statute, were jointly and severally liable for the debts of the corporation in certain contingencies, and the statute provided that the persons or property of stockholders liable for such debts might be taken therefor on any writ of attachment or execution issued against the

company for such debt, in the same manner as on writs or executions issued against them for their individual debts.

The question considered by the court in this case was, whether a creditor, who was also a stockholder, individually liable for the debts of the corporation, could attach on *mesne* process, or levy his execution upon property of other members, also liable for the debts of the corporation. It was held that he could not, and that this remedy was intended wholly for outside creditors.

This conclusion was arrived at from a consideration of other portions of the statute. Provision was made therein for a stockholder who had been compelled to pay a debt of the company. Two remedies were afforded: One, by an action on the case against the company, to recover back the amount paid; the other, a bill in equity for contribution against one or more stockholders, originally liable with him for payment of the debt. This statute was interpreted as intending to put all stockholders upon an equal footing, and having provided the aforesaid remedies for those whose property had been seized to pay debts of the corporation, it was considered that it was not intended to give a more efficient remedy to members who had voluntarily become creditors of the company than to those who involuntarily became creditors by being compelled to pay its debts.

All the cases cited by counsel for defendant in error arose upon statutes wholly different from our own in respect to the liability of members of the corporation. By the provisions of the act under which the Cottage Grove Association was organized, the measure of a stockholder's liability was his personal indebtedness to the corporation upon his stock subscription. Payment of the subscription either to the corporation, or in satisfaction of the judgment of a creditor, cancelled the liability, and although still a member and stockholder, he was thereafter free from any personal liability for debts of the company. No such statutory provision existed in any of the cases cited. In *Baily* v. *Bancker*, the stockholders were jointly and severally liable for the payment of all debts contracted by the corporation.

In *Thayer* v. *Union Tool Co.*, the stockholders were jointly and severally liable, in certain contingencies, for the debts of the corporation.

In *Andrews* v. *Murray*, the statute made the trustees of a corporation jointly and severally liable for the debts of the company

in case of their neglect to make and file the report mentioned in the act, and the question considered in that case, was, whether a trustee, who was a creditor of the corporation, could sue a co-trustee and recover, all the trustees being liable in such case under the statute. The plaintiff being himself liable for such debts, it was held he could not maintain the action.

The case of *Richardson* v. *Abendroth*, presented the question whether the secretary of the corporation, who was likewise a stockholder, could recover for his services rendered as secretary, in a suit against another stockholder. The statute under which this action was instituted made the stockholders of the corporation individually liable for debts due to their laborers, servants and apprentices, for services performed for such corporation. It was held that he could not recover, because he was himself equally liable with the other stockholders for this class of debts. If he recovered from a stockholder, he would immediately become liable to said stockholder, with other members of the company, to contribution.

*Larabee* v. *Baldwin*, 35 Cal., 155, was upon the statute which made each stockholder liable for his proportion of all debts contracted after he became a stockholder.

In *Umsted* v. *Buskirk*, 17 Ohio St., 114, the statute made the stockholders liable to an amount equal to the stock subscribed by each, in addition to their stock, for the security of the creditors.

After a careful consideration of these cases, we are forced to the conclusion that they throw no light upon the question under consideration. There being no similarity or analogy between our statute and the statutes under which the above cited cases arose, it is obvious that these adjudications can afford no aid in the interpretation of the act in question. None of the reasons assigned in these cases for the rulings made are applicable in the case at bar. The plaintiffs in this case are not liable for this class of debts. In no event can they become liable to contribution with other stockholders therefor. Having paid for their stock in full at the time of their subscription, they are not personally liable, either to creditors of the incorporation or to other stockholders. No element of partnership liability attaches to them under this statute.

If the action be sustained, and the defendant in error be compelled to pay the claim, such payment does not constitute him a

creditor of the association, or entitle him to contribution from the plaintiff, for, in the payment of the judgment, he is liquidating his own indebtedness to the company. And lastly, no absurd consequences result from a construction of the statute which places a creditor, who is at the same time a stockholder, but who is under no individual liability either to the corporation or its creditors, upon an equal footing with outside creditors.

Nor is it perceived why the same form of action is not as effectual in the one case as the other. The cases cited, which hold that relief can only be obtained in equity, resting, as they do, upon dissimilar statutory provisions, cannot be considered as authority upon this point.

The proposition that the remedy provided for creditors of corporations, by Sec. 12, R. S., 1868, was repealed by Chap. XIX, General Laws, 1877, cannot be maintained in this case. Upon this point it is sufficient to say, that it is obvious, from an inspection of the provisions of Chap. XIX, that the legislature did not intend to interfere with actions pending for the enforcement of rights alleged to have accrued under the former act.

These are the only points growing out of the judgment of nonsuit which we deem necessary to consider. The action being maintainable in its present form, the defense thereto must be upon the merits.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

CHIEF JUSTICE ELBERT, being absent, did not participate in this decision.

*C. W. Wright,* attorney for plaintiffs in error.
*Miller & Clough,* attorneys for defendant in error.