Davis, P. J.
At the close of the evidence in this case the defendants moved to dismiss the complaint upon the following grounds as specified in the order of the court:
First. That no fraudulent overvaluation of the property of the Bald Mountain Mining Company, for which its stock was issued has been shown.
Second. That the plaintiff was himself a stockholder of the Bald Mountain Mining Company, and consequently was not in a position to maintain this action.”
Neither party asked to go to the jury upon any question of fact. The effect of submitting the motion to dismiss to the decision of the court, and the omission of the plaintiff to ask to go to the jury upon the questions of fact specified as grounds for the motion, or any other question of fact, was tp.submit to .the court those questions upon the evidence.The appellant is not now at liberty to say that it ought to' have, been submitted to the jury to * determine whether or not there was a'fraudulent, overvaluation of the property of the Bald Mountain mining company, for which its stock was issued; nor whether or not the plaintiff was a stockholder of the Mining Company. The court upon the evidence was in effect allowed to pass upon those questions, and it is now too late to say that they should have been submitted to the jury.
On looking into the evidence we are unable to see that the court was not right in finding and holding that there was no evidence of fraudulent overvaluation of the mining property taken for the stock of the company. The parties seemed to have acted in good faith "in estimating the value of the property at the whole amount at which it had been capitalized in the certificate of organization of the company. The property was not susceptible of exact valuation. The ■ circumstances surrounding it; the known enormous value of *563 the mines then being actually worked adjoining it, the veins of which were supposed to extend into the property sold to this company, as described by the witnesses, tend rather to show that the company and all parties interested acted in good faith in the purchase, rather than with any actual fraudulent intent. They were deceived by appearances, and by honest expectations into the belief that the mines expected to be opened and worked by the company, were of the great value placed upon them. The learned judge was quite right in holding that the plantiff had failed to show the essential element of fraud in the sale and purchase of the mining property at the price of the whole capital of the company; and if any just view of the evidence warranted that conclusion, we are not at liberty to disturb it, though it may be possible or probable even, that the jury might have found otherwise.
Fraud was the important element, and fraud must be affirmatively shown. Brown v. Smith, 13 Hun, 408; S. C., 80 N. Y., 650; Schenck v. Andrews, 57 id., 133; Boynton v. Andrews, 63 id., 95; Lake Superior Iron Co. v. Drexel, 90 id., 93; Douglass v. Ireland, 73 id., 104.
The defendant was not a stockholder at the time of the organization and of the transactions supposed to show the alleged fraud. He became one subsequently, and so did the plaintiff. The evidence tends to show that both plaintiff and defendant were stockholders and participated in the efforts to launch the company into active life by raising funds to commence its operations to develop and work the mines. Neither seems to have participated in any of the acts now alleged to be fraudulent. The court substantially found this to have been the case, and the plaintiff did not ask to have the jury pass upon that question. The same remarks are therefore applicable to this ground' of the motion as those above made relating to the first ground.
If that were the case, these parties could not sue each other in an action at law. It is settled in Mathez v. Neidig (72 N. Y., 100), McMaster v. Davidson (29 Hun, 542), Bailey v. Bancker (3 Hill, 188), Richardson v. Abendroth (43 Barb., 162) that the remedy is by a suit for an accounting to fix the pro rata liability of the stockholders, and not by a suit to recover the whole debt from an individual stockholder. The plaintiff became a stockholder apparently at the time of making the loan for which the note was given to him and as a part of that transaction. If this were so, the court was right in holding that there could be no recovery in this action.
We think the judgment should be affirmed.
Daniels and Brady, JJ., concur.